**Brian DUGGAN, Individually and a/n/f of Jeffery Darrel Duggan and Michelle L. Gonzalez, Individually and a/n/f of Keith Aaron Blundell**

v.

**CITY OF LEAGUE CITY, TEXAS, Douglas W. Wologo, and B.K. Smith.**

Civ. A. No. G–96–316.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 25, 1997.

David Wesley Showalter, Bellaire, TX, for Plaintiffs.

William Scott Helfand, Magenheim, Bateman, Robinson, Wrotenbery & Hefland, LLP, Houston, TX, for Defendants.

## ORDER

KENT, District Judge.

Now before the Court is Defendants' Motion for Summary Judgment, dated April 21, 1997. For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

This case arises out of an incident that occurred on October 26, 1995 at the Hunt Cliff Apartments in League City, Texas. On that day, Brian Duggan, his girlfriend and his five year old son Jeffrey were visiting Michelle Gonzalez and her family. While the adults talked inside the apartment, Jeffrey and Ms. Gonzalez's three year old son Aaron played outside in the apartment complex. Officer Wologo, who was off duty at the time, had parked his pickup truck in the apartment complex. During the afternoon, Wologo discovered extensive damage to the truck, in-

cluding a shattered window. After he called the League City Police Department to report the incident, Wologo claims that he saw Jeffery throw a rock at his truck. The parties dispute what occurred after this point.

The Defendants' story continues as follows. After Officer Wologo observed Jeffery throw the rock, he went to the Gonzalez' apartment and informed the parents about what had happened and showed them the damage to the truck. Officer Smith arrived at this point and questioned Jeffrey and Aaron about the rock throwing. The boys initially denied throwing the rocks, instead naming another girl who lived in the neighborhood. After the officers could not locate this girl for questioning, the boys admitted that they had thrown the rocks and caused the damage to Wologo's truck. Then, while the parents watched, Smith proceeded to lecture the boys in a "firm but compassionate manner" that they should not lie to their parents or the police, that what they had done was a violation of the law, and that they could be taken to jail for breaking the law. In order to impress upon the boys the importance of the point being made to the boys and their parents, Smith "gently" placed handcuffs on both of their wrists in an effort to further explain that people who commit crimes go to jail. The Defendants claim that the parents did not ask Smith to refrain from lecturing the boys or from placing the handcuffs on their wrists. The Defendants claim that the parents contributed to the lecture and gave tacit approval to Smith's actions. The handcuffs were promptly removed and both officers left the scene.

The Plaintiffs tell a much different story. They claim that Officer Wologo never came to the Gonzalez apartment to notify the parents that he had observed Jeffery throw a rock at his truck. They claim that when Officer Smith arrived, he interrogated the boys outside of the presence of their parents and without the parents knowledge or consent. Instead of "firmly and compassionately" explaining the consequences of violating the law, Plaintiffs claim that Smith used a menacing tone of voice, intimidated the boys, called them liars and threatened them. Moreover, Plaintiffs claim that while Jeffrey

did throw the one rock at the truck, he had not thrown the rocks which damaged the truck. Plaintiffs claim that Smith told these small boys that they had broken the law and could be taken to jail. Smith then placed the boys in handcuffs and made them sit on a curb for ten minutes. The parents claim that they were never consulted and that they never consented to Officer Smith's actions.

Out of these facts, Plaintiffs allege violations of their constitutional rights by the City and officers, and specifically sue under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Eighth and Fourteenth amendments to the Constitution. In addition, they allege claims of negligence against the City pursuant to the Texas Tort Claims Act, and common law tort claims against the individual officers including false imprisonment, assault, battery, intentional infliction of emotional distress, invasion of privacy and injury to a child. They claim compensatory and punitive damages. The Court will address each of the Plaintiffs' claims in turn.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Id.; See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Several of Plaintiffs' § 1983 claims can be dismissed on their face. First, although every citizen enjoys the First Amend-

ment's protections against governmental interference with free speech, the Court can fathom no way in which the Plaintiffs' rights to free speech were infringed or that the officers did anything in retaliation for any speech by the Plaintiffs'. Therefore, the Defendants' Motion for Summary Judgment is **GRANTED** as to the Plaintiffs' § 1983 claims alleging violations of the First Amendment and those claims are **DISMISSED WITH PREJUDICE**. Second, Plaintiffs allege that Defendants' actions violated the Fifth Amendment. Because the due process component of the Fifth Amendment applies only to federal actors, Plaintiffs' have failed to state a claim against the City and the officers in this case. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 n. 3 (5th Cir. 1995). Therefore, the Motion for Summary Judgment is **GRANTED** as to Plaintiffs' § 1983 claims alleging violations of the due process protections of the Fifth Amendment and those claims are **DISMISSED WITH PREJUDICE**. Third, Plaintiffs claim that Defendants' actions violated their Eighth Amendment rights to be free of cruel and unusual punishment. Because the Eighth Amendment protects the rights of convicted prisoners, the Plaintiffs, none of whom fall into that category, have failed to state a claim against the City and the officers in this case. *See Hare v. City of Corinth, Miss.,* 74 F.3d 633, 639 (5th Cir.1996). Therefore, the Motion for Summary Judgment is **GRANTED** as to Plaintiffs' § 1983 claims alleging violations of the Eighth Amendment and those claims are **DISMISSED WITH PREJUDICE**. Finally, Plaintiffs claim violations of their Fourteenth Amendment rights to due process of law, "including the right to be free from unjustified and excessive force utilized by police." However, "excessive force" claims are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 1867–68, 104 L.Ed.2d 443 (1989). Therefore, because Plaintiffs have failed to state a claim under the Fourteenth Amendment, the Motion for Summary Judgment is **GRANTED** as to any claims under the Fourteenth Amendment and those claims are **DIS-MISSED WITH PREJUDICE**. The Court will analyze Plaintiffs' excessive force claims under the Fourth Amendment.

■■■ Plaintiffs allege two different violations of the Fourth Amendment. First, Plaintiffs allege that the officers utilized excessive force in their detention of the boys. As noted above, claims involving the use of excessive force related to an unincarcerated suspect are based upon an alleged violation of the Fourth Amendment. *Graham,* 490 U.S. at 388, 109 S.Ct. at 1867–68. In order to sustain a cause of action for use of excessive force, the evidence must establish that the use of force was "objectively unreasonable." *Id.,* 490 U.S. at 397, 109 S.Ct. at 1872. The Fifth Circuit has established a three-part test for consideration of a claim of excessive force brought under § 1983. In order to prevail under this statute, the plaintiff must show (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive to the need, and (3) the excessiveness of which was objectively unreasonable. *Fontenot v. Cormier,* 56 F.3d 669, 674 (5th Cir.1995); *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) *(en banc)*.

■■■ Plaintiffs themselves admit that they have no physical injuries and that their injuries are psychological. However, the Fifth Circuit has found that the law is uncertain regarding whether an excessive force claim can arise without physical injury to the Plaintiff. *See Dunn v. Denk,* 79 F.3d 401, 403 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 61, —— L.Ed.2d —— (1996). The issue of recovery for mental anguish alone, without physical injury, remains questionable within this Circuit. This is particularly true in light of the Fifth Circuit's insistence that claims of excessive force are compensable only to the extent that an injury is caused *directly* by the use of excessive force, not, as alleged here, as having been caused by an alleged use of force in addition to allegations of intimidation and verbal abuse. *See Johnson,* 876 F.2d at 480. Finally, despite Plaintiffs' assertions to the contrary, the plaintiff in Dunn, as well as the plaintiffs in all of the other cases cited regarding psychological injuries, suffered physical injuries in addition to psychological injuries. The Fifth Circuit

has yet to award damages for psychological injuries *alone*. This Court will not do so now. Therefore, as Plaintiffs' have failed to produce any summary judgment evidence presenting a question of fact on the issue of whether they suffered an actionable injury, the Motion for Summary Judgment is **GRANTED** and the Plaintiff's § 1983 excessive force claims are **DISMISSED WITH PREJUDICE.**

Plaintiffs also allege that the boys were wrongfully detained in violation of the Fourth Amendment. A *"Terry* stop" permits the police, in recognition of their obligation to enforce the law, to effect stops and to pursue short, limited investigations infringing upon an individual's freedom of movement where they reasonably suspect criminal activity based upon something less than probable cause to arrest. *Brierley v. Schoenfeld,* 781 F.2d 838, 841 (10th Cir.1986). Handcuffing a suspect does not convert a *"Terry* stop" into an arrest. *Cf., United States v. Glenna,* 878 F.2d 967, 972 (7th Cir.1989). Clearly, Officer Smith had reasonable suspicion to conduct the brief detention in light of the facts and circumstances of this case. By the Plaintiffs' own estimation, the detention only lasted approximately ten minutes. Although Plaintiffs point to the Texas Family Code for the proper procedures for detaining children, any violations of the Texas Family Code are a matter of state law. Any such violations that may have occurred do not rise to the level of a violation of the United States Constitution. Therefore, these violations are not actionable under § 1983. For all of these reasons, the Motion for Summary Judgment is **GRANTED** as to Plaintiffs' wrongful detention § 1983 claims and those claims are **DISMISSED WITH PREJUDICE.**

Finally, in spite of this Court's finding that the Plaintiffs' § 1983 claims clearly fail as a matter of law, this Court makes no finding on the merits of the Plaintiffs' state law claims against any of the Defendants. There may be genuine issues of fact material to a determination of the Defendants' liability on these claims. The Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' intentional tort claims against the officers and the Texas Tort Claims Act claims against the City. The Court is mindful that Texas courts have a special expertise in applying state law. Accordingly, the Defendants' Motion for Summary Judgment as to the Plaintiffs' state law claims is **DENIED.** Those claims are remanded to the state court from which they were removed for further proceedings. The parties are instructed to file nothing further regarding the *dismissed* claims in this Court, including motions to reconsider and the like, unless compelling evidence reveals that such consideration is warranted. All parties are **ORDERED** to bear their own costs incurred to date. .

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Court's Order this date, the Defendants' Motion for Summary Judgment is **GRANTED** as to all of the Plaintiffs' § 1983 claims against the City and the individual officers. Those claims are hereby **DISMISSED WITH PREJUDICE.** The Court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims. Those state law claims against the City and the individual officers are **REMANDED** to the state court from which this action was removed for further proceedings. The parties are instructed to file nothing further regarding the *dismissed* claims in this Court, including motions to reconsider and the like, unless compelling evidence reveals that such consideration is warranted. All parties are **ORDERED** to bear their own costs incurred to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**